

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4666 | **DATE** | 7/14/2011 |
| **CASE TITLE** | Darrell Harris (2010-0317257) vs. City of Chicago | | |

7-14-11

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court authorizes and orders Cook County Jail officials to deduct $8.50 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit a proposed amended complaint (plus a Judge's copy and service copies). Failure to submit a proposed amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice.

■ [ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Pro se plaintiff Darrell Harris, presently a detainee at the Cook County Jail, has filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging false arrest and false imprisonment against the City of Chicago and Chicago Police Department. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint (Dkt. No. 1) for initial review pursuant to 28 U.S.C. § 1915A, and motion for appointment of counsel (Dkt. No. 4).

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $8.50. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Turning to the initial review of complaint, plaintiff alleges false arrest and false imprisonment claims

| | STATEMENT | |
|---|---|---|

regarding an arrest for murder and armed robbery. Plaintiff alleges that the arrest was made without probable cause. However, plaintiff's complaint is presently unacceptable because of the parties he names as Defendants. Plaintiff seeks to sue the City of Chicago and the Chicago Police Department. The Chicago Police Department cannot be sued as a separate entity because it is in actuality a suit against the City of Chicago. *Lewis v. City of Chicago*, 496 F.3d 645, 645 n.1 (7th Cir. 2007).

As to a suit against Chicago, "[a] municipality may be held liable for a constitutional deprivation under *Monell*." *Waters v. City of Chicago*, 580 F.3d 575, 580 (7th Cir. 2009) (citing 436 U.S. 658 (1978)). "Misbehaving employees are responsible for their own conduct, 'units of government are responsible only for their policies rather than misconduct by their workers.'" *Lewis*, 496 F.3d at 656 (quoting *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2007)). "To establish municipal liability under § 1983 . . . a plaintiff must present sufficient evidence to show that the constitutional violation resulted from a municipal policy, custom or practice." *Waters*, 580 F.3d at 580 (citing *Monell*, 436 U.S. at 694). "To establish an official policy or custom, a plaintiff must show that his constitutional injury was caused by (1) the enforcement of an express policy of the [municipality], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467-68 (7th Cir. 2007) (citing *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001); *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)). Plaintiff fails to allege any facts that could demonstrate municipal liability under *Monell*. He only mentions his (apparently) single random event without demonstrating how this is part of a custom or practice sufficient to establish a *Monell* claim. *See Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005). (He also does not plausibly suggest how he was harmed by an express policy or decision by a final policymaker).

The present complaint is dismissed and plaintiff is given leave to submit a proposed amended complaint. Plaintiff should name the individual officers who allegedly engaged in the false arrest and false imprisonment. He should only name Chicago if he can establish a claim under *Monell*. Failure to submit a proposed amended complaint within thirty days of the date of this order will result in summary dismissal of this case.

Plaintiff may name the officers who arrested him as John Doe defendants if he does not presently know their identities. The law permits the Court, at the pleading stage, to make an inference of responsibility on the part of Defendants' supervisor, such as the Chicago Police Superintendent, when a defendant's identity is unknown. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996); *Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Once Plaintiff has obtained service on supervisory defendant, and an attorney has entered an appearance on his behalf, plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the unknown defendant John Doe Officers who allegedly violated plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After plaintiff learns defendants' identities, he may again ask leave to amend the complaint to substitute their names for those of the John Does. Summonses will then issue for service on defendants in interest and the supervisor will be dismissed. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the John Does as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

The plaintiff must write both the case number and the Judge's name on the proposed amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, the plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each defendant

11C4666 Darrell Harris (2010-0317257) vs. City of Chicago

Page 2 of 3

## STATEMENT

named in the proposed amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against the John Doe Officers must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice. "There is no constitutional or statutory right to counsel in federal civil cases," but this Court does have "discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). In determining whether to request counsel to represent plaintiff, this Court considers whether: (1) plaintiff "has made reasonable attempts to secure counsel on his own;" and, if so, (2) "the complexity of the case and whether the plaintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851-52 (citing *Pruett*, 503 F.3d at 654-55). This Court has discretion in determining whether to recruit counsel for a pro se plaintiff. *Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008) (citing *Pruitt*, 503 F.3d at 655).

Plaintiff alleges that he has attempted to obtain counsel on his own. However, the Court concludes that the complexity of the case does not require appointment of counsel at this time. Neither the legal issues raised in the complaint nor the evidence that might support his claim are so complex or intricate that a trained attorney is necessary. Plaintiff motion for counsel is denied.

In summary, plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court authorizes and orders Cook County Jail officials to deduct $8.50 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit a proposed amended complaint (plus a Judge's copy and service copies). Failure to submit a proposed amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice.