Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 4666 | DATE | 8-16-11 |
| CASE TITLE | Darrell Harris (2010-0317257) vs. City of Chicago, et al. | | |

### DOCKET ENTRY TEXT

The Court has reviewed the proposed complaint pursuant to 28 U.S.C. § 1915A. Plaintiff may proceed with his complaint in accordance with this order. The clerk is instructed to file amended complaint. (Dkt. No. 8). The Clerk shall add Chicago Police Superintendent Garry McCarthy as a defendant. The City of Chicago and Chicago Police Department are terminated from this action. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. The clerk shall issue a summons for Chicago Police Superintendent Garry McCarthy and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to effectuate service.

■ [ For further details see text below.]

Docketing to mail notices.

### STATEMENT

Pro se plaintiff Darrell Harris, presently a detainee at the Cook County Jail, has submitted a proposed civil rights complaint pursuant to 42 U.S.C. § 1983 alleging false arrest and false imprisonment against the City of Chicago and John Doe Chicago Police Officers. This is plaintiff's second attempt at submitting a proposed complaint. His first effort was partially successful. The Court allowed him to proceed *in forma pauperis* and recognized that he stated claims for false arrest and false imprisonment arising out of an arrest for murder and armed robbery. (Dkt. No. 5). However, plaintiff's initial complaint was unsatisfactory because he failed to name any individual officers personally involved with the alleged constitutional violations. Plaintiff was also instructed that he could only proceed with a claim against the City of Chicago under the requirements of *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

Plaintiff's present proposed complaint names John Doe Chicago police officer defendants. On the Court's own motion, Chicago Police Superintendent Garry McCarthy is added as a defendant. Plaintiff is again reminded that once he has obtained service on defendant McCarthy, and an attorney has entered an appearance on his behalf, plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the unknown defendant John Doe Officers who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After plaintiff learns defendants' identities, he may again ask leave to amend the complaint to substitute their names for those of the John Does. Summonses will then issue for service on defendants in interest and McCarthy will be dismissed. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the John Does as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980). Plaintiff must identify the John Doe defendants if he wishes to proceed against them.

| STATEMENT |
|---|

Plaintiff also seeks to continue with his claim against the City of Chicago. Plaintiff invokes the legal standard for a *Monell* claim in his present complaint and nothing more. (Plaintiff does not raise a state law claim for indemnification. *See* 745 ILCS 10/9-102 (West 2010); *see also Yang v. City of Chicago*, 137 F.3d 522 (7th Cir. 1998); *Wilson v. City of Chicago*, 120 F.3d 681 (7th Cir. 1997)). Plaintiff cannot simply allege "bare legal conclusions" or "formulaic recitation of a cause of action's elements," but instead must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bissessur v. Indiana Univ. Bd. of Tr.*, 581 F.3d 599, 602-03 (7th Cir. 2009) (citations omitted). He again only mentions his (apparently) single random event without demonstrating how this is part of a custom or practice sufficient to establish a *Monell* claim. *See Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005). (He also does not plausibly suggest how he was harmed by an express policy or decision by a final policymaker). Plaintiff has again failed to set forth a *Monell* claim.

The Court recognizes that it should "freely give leave" to a plaintiff to submit a proposed amended complaint under Rule 15(a)(2), but this is not an unlimited right, and leave to amend is properly denied when continued efforts at amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citations omitted); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). Plaintiff has woefully swung and missed on his first two tries to allege a proper *Monell* claim against the City. The Court need not wait for his inevitable third whiff. The City of Chicago is dismissed from this action. Plaintiff may only proceed with his claim against the individual John Doe Chicago police officers.

The clerk shall issue a summons for Chicago Police Superintendent Garry McCarthy and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve defendant McCarthy. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendant. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d) before attempting personal service.

In summary, the Court has reviewed the proposed complaint pursuant to 28 U.S.C. § 1915A. Plaintiff may proceed with his complaint in accordance with this order. The clerk is instructed to file the amended complaint. (Dkt. No. 8). The Clerk shall add Chicago Police Superintendent Garry McCarthy as a defendant. The City of Chicago and Chicago Police Department are terminated from this action. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. The clerk shall issue a summons for Chicago Police Superintendent Garry McCarthy and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to effectuate service.

U.S. DISTRICT COURT

2011 AUG 16 PM 3:50

11C4666 Darrell Harris (2010-0317257) vs. City of Chicago, et al.

Page 2 of 2